**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HELEN GALOPE, an individual, | No. 15-55246 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-00323-CJC-RNB |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR4; WESTERN PROGRESSIVE, LLC; BARCLAYS BANK PLC; BARCLAYS CAPITAL REAL ESTATE, INC., DBA Homeq Servicing; OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK AG, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and BYBEE, Circuit Judges, and BELL,[**] District Judge.

Helen Galope appeals the district court's partial dismissal and partial summary judgment of her action under the Sherman Antitrust Act and California state law against Appellees Deutsche Bank National Trust Co. ("DBNTC"), Western Progressive and Ocwen Loan Servicing (collectively the "DBNTC Defendants"); Barclays Bank ("Barclays"), Barclays Capital Real Estate Inc. ("BCREI") (collectively the "Barclays Defendants"), and Deutsche Bank AG ("Deutsche Bank").

1. The district court did not err in holding that the DBNTC Defendants' alleged violation of California Business and Professions Code § 17200 *et seq* ("UCL") and alleged breach of the implied covenant of good faith and fair dealing were preempted under the Bankruptcy Code. These state-law claims are based on alleged violations of the automatic stay, and are therefore preempted. *See MSR Exploration Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913–14 (9th Cir. 1996). As to Galope's federal claim under 11 U.S.C. § 362(k), the district court properly dismissed it because it could only have been brought before the bankruptcy court. *See* C.D. Cal. G.O. 13-05 (July 1, 2013); 28 U.S.C. § 157(a).

---

[**] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

2. The district court did not err in granting summary judgment on Galope's antitrust claims against the Barclays Defendants, because Galope lacked antitrust standing. Galope alleges that Barclays' manipulation of the LIBOR rate injured her by causing her to purchase a loan product that she otherwise would not have. However, she failed to establish that she made any payments on her loan that were linked to LIBOR. Any injury that she may have suffered was therefore too indirect and speculative to confer antitrust standing. *See Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996).

3. Nor did the district court err in granting summary judgment on Galope's state-law claims against the Barclays Defendants. Claims under California's UCL and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, cannot be predicated on vicarious liability. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007). Rather, "[a] defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate [these statutes]." *Id.* (quoting *Emery v. Visa Int'l Serv. Ass'n* 95 Cal. App. 4th 952, 960 (2002)).

Galope purchased her loan from New Century, and dealt exclusively with New Century during the loan-origination process. Barclays had no involvement until at least four months later, when the loan was sold into the trust, and BCREI

3

became the designated servicer. Because liability can be based on only personal participation in unlawful activity, the Barclays Defendants were entitled to summary judgment on these claims.

4. Similarly, Galope cannot attribute any deceptive statements to the Barclays Defendants during the loan origination process to maintain a cause of action for fraud. *See Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 982 (9th Cir. 1999). Thus, summary judgment was also appropriate for this claim.

5. The district court did not err in ruling in favor of the Barclays Defendants on Galope's claim for breach of California's implied covenant of good faith and fair dealing. The parties must have a contractual relationship as a prerequisite for this claim. *Jenkins v. JP Morgan Chase Bank*, *N.A.* 216 Cal. App. 4th 497, 525 (2013). Galope argues that she was obligated to make monthly mortgage payments to a subsidiary of Barclays, which established a contractual relationship between Galope and Barclays. But there is no contractual relationship between a mortgagor and a loan servicer. *See, e.g., Reed v. US Bank N.A.*, No. 14-cv-05437-VC, 2015 WL 5042244, at *3 (N.D. Cal. Aug. 25, 2015) ("[A]s the loan servicer, [defendant] was never a party to the deed of trust."); *Howard v. First Horizon Home Loan Corp.*, No. 12-cv-05735-JST, 2013 WL 3146792, at *3 (N.D. Cal. June 18, 2013) (dismissing plaintiff's implied covenant claim because a contractual "relationship

does not exist[] on the basis that [defendant] acted as a loan servicer or as an agent for [lender] in connection with the deed of trust").  Therefore, there was no contractual relationship between the two parties, and summary judgment was appropriate.

6. Lastly, the district court did not err in finding that it lacked personal jurisdiction as to Deutsche Bank.  Galope argues that, because she raised antitrust claims in her complaint, the district court should have applied a nationwide-contacts analysis under 15 U.S.C. § 22.  *See Go-Video Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1415 (9th Cir. 1988).  But Galope lacks standing to bring her antitrust claims against Deutsche Bank for the same reason she lacks standing against Barclays: any injury she suffered was too indirect and speculative to confer antitrust standing.  *See Amarel*, 102 F.3d at 1507.  Therefore, the nationwide-contacts test under § 22 does not apply.  Moreover, the district court did not abuse its discretion in denying leave to amend the complaint, because it was "clear that the complaint could not be saved by any amendment."  *See Harris v. Amgen*, 573 F.3d 728, 737 (9th Cir. 2009).

**AFFIRMED.**